[No. B190093. Second Dist., Div. Six. Feb. 21, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY ANDREW MERFIELD, Defendant and Appellant.

COUNSEL

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Mary Sanchez and Robert F. Katz, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PERREN, J.**—Timothy Andrew Merfield was given the opportunity to contest the determination of the Board of Prison Terms (BPT) that he suffered from a severe mental disorder and, that as a condition of his parole, he be treated by the Department of Mental Health. (Pen. Code,[1] § 2966, subd. (a).) He waived his right to a hearing. The time of his initial one-year commitment expired, and the BPT sought a further commitment. (§ 2966, subd. (c).) As

---

[1] Statutory references are to the Penal Code.

we shall explain, the continued commitment hearing adjudicated only the criteria addressed to the current state of Merfield's mental disorder. Once the initial commitment expired, he could not contest his mental state at the time of the commission of the underlying offense. (See *People v. Francis* (2002) 98 Cal.App.4th 873, 878–879 [120 Cal.Rptr.2d 90].)

## FACTS AND PROCEDURAL HISTORY

Merfield filed his first petition challenging the BPT's determination on October 4, 2004. He withdrew that petition, however, on October 19, 2004, and the court dismissed it without prejudice. At that time, the court notified Merfield that "[i]f you want to refile it within a reasonable time, . . . you can do that, but as both lawyers have indicated, after a long period of time, certainly by the time of your next review, it becomes what we call moot and, so, you would not have the right to refile it after that period." Merfield stated that he understood the petition would be moot after his initial commitment had expired.

Merfield's initial commitment expired on August 10, 2005. On August 23, 2005, the BPT extended Merfield's commitment for an additional year pursuant to section 2966, subdivision (c). Merfield filed a petition challenging that commitment on October 24, 2005, but withdrew that petition as well on December 13 and the petition was accordingly dismissed.

On December 5, 2005, Merfield filed a second petition challenging the 2004 BPT determination. On February 14, 2006, the court dismissed the petition on the grounds of mootness and waiver.

## DISCUSSION

### *Mootness*

█ Merfield's latest petition challenging the BPT's initial determination that he qualified as an MDO (mentally disordered offender) in 2004 was plainly moot because it was filed after his one-year commitment pursuant to that determination had expired. Although the statutory scheme does not refer to any time limit on the right to petition for a hearing challenging the BPT's commitment decision, we have previously recognized that the *appeal* from a commitment order following such a hearing is moot once the commitment period has expired. (*People v. Jenkins* (1995) 35 Cal.App.4th 669, 672, fn. 2

[41 Cal.Rptr.2d 502]; *People v. Gibson* (1988) 204 Cal.App.3d 1425, 1429 [252 Cal.Rptr. 56].) It necessarily follows that a petition challenging the commitment that is filed after that period has expired is also moot.

■ Merfield nevertheless contends that his initial commitment "can never be moot" because the BPT was required to find that he met six criteria to support the initial commitment, while only three of those criteria were required for his recommitment.[2] We disagree. Three of the original criteria "concern past events that once established, are incapable of change." (*People v. Francis, supra*, 98 Cal.App.4th at p. 879.) By contrast, the other three criteria are based on evidence as it existed at the time of the BPT's initial commitment hearing or the annual review hearing continuing that commitment—namely, whether the prisoner is currently suffering from a severe mental disorder, whether that disorder is not in remission or cannot be kept in remission without treatment, and whether he presently represents a substantial danger of physical harm to others by reason of that disorder. (See *People v. Bell* (1994) 30 Cal.App.4th 1705, 1710 [36 Cal.Rptr.2d 746]; §§ 2962, subd. (d)(1), 2966, subd. (c).)

■ While we review the merits of appeals from *timely filed petitions* that are rendered technically moot during the pending of the appeal, we do so because the appellant is subject to recertification as an MDO, and the issues are otherwise likely to evade review due to the time constraints of MDO commitments. (*People v. Jenkins, supra*, 35 Cal.App.4th at p. 672, fn. 2; *People v. Gibson, supra*, 204 Cal.App.3d at p. 1429.) For the same reasons, trial courts consider the merits of timely filed petitions that are subsequently rendered technically moot as the result of the delays inherent in the judicial process, which are beyond the petitioner's control. Where, as here, the *petitioner* causes the delay by waiting until after the commitment order has expired to seek relief, the petition is untimely and is subject to dismissal on the ground of mootness.

■ The practical effect of this distinction is that the three criteria concerning past events need only be proven once, while the BPT must find that the parolee meets the other three criteria at the time of the annual hearing

---

[2] The six criteria for the initial commitment are: (1) the prisoner has a severe mental disorder; (2) he used force or violence in committing the underlying offense; (3) his severe mental disorder was a cause or aggravating factor in his commission of that offense; (4) the disorder is not in remission or capable of being kept in remission without treatment; (5) he was treated for the disorder for at least 90 days in the year prior to his parole; and (6) as a result of his disorder, he represents a substantial danger of physical harm to others. (§ 2962.) For continued treatment, the court must find (1) that the parolee has a severe mental disorder; (2) that the disorder is not in remission or cannot be kept in remission without treatment; and (3) that the parolee represents a substantial danger of physical harm to others by reason of the disorder. (§ 2972, subd. (c).)

in order to continue treatment for an additional year. "Under the doctrines of res judicata and collateral estoppel, issues relating to the three criteria concerning past events that have been litigated in an MDO proceeding cannot be relitigated in a subsequent proceeding. [Citation.]" (*People v. Hannibal* (2006) 143 Cal.App.4th 1087, 1094 [49 Cal.Rptr.3d 645].) While issues relating to those criteria are not actually "litigated" where the MDO does not petition for a hearing during his initial commitment, preclusive effect is also given to issues that *could have been* litigated in a prior proceeding. (*Federation of Hillside & Canyon Assns. v. City of Los Angeles* (2004) 126 Cal.App.4th 1180, 1202 [24 Cal.Rptr.3d 543].) An MDO therefore has but one opportunity to challenge the BPT's findings on the three criteria concerning past events. The MDO may do so by petitioning for a hearing in the superior court of the county in which he is incarcerated on the BPT's initial commitment decision *before that commitment has expired.*

### Waiver

We also agree with the trial court's conclusion that Merfield waived his right to file a petition challenging the BPT's initial commitment determination. When Merfield withdrew his first petition on October 19, 2004, his attorney, the prosecutor, and the court all made clear to him that while he had reserved the right to refile the petition at a later date, "by the time of your next review . . . it becomes what we call moot and, so, you would not have the right to refile it after that period." Although Merfield sent the court a letter on October 11, 2005, stating that he wished to "achieve decertification from the MDO scheme and to be released forthwith," that letter, and the petition he filed on December 5, 2005, were submitted after his initial commitment had expired and the BPT's August 23, 2005, determination that he qualified for recommitment for an additional year.

The record belies Merfield's claim that he was "[g]iven . . . multiple and confusing explanations" regarding the deadline to challenge his initial commitment. Moreover, while we agree that his October 11, 2005, letter "clearly indicated his understanding that he retained his right to challenge his commitment . . . ," he had the right at that time to file a petition challenging the BPT's recommitment determination of August 23, 2005. While he filed such a petition through counsel on October 24, 2005, he withdrew that petition as well and apparently did not seek to refile it before the one-year recommitment period had expired as well. Merfield simply fails to demonstrate that he was misled or legitimately confused about the time limit on his right to challenge his initial commitment. Accordingly, the petition he filed challenging his initial commitment after its expiration was properly dismissed on the grounds of mootness and waiver.

## CONCLUSION

■ An inmate whom the BPT determines to be an MDO has a right to a court hearing on the six criteria only following the initial commitment determination. Once the time has passed for that first determination and proceedings have been instituted to extend the commitment, the inmate may only challenge the BPT's determination of his or her current mental status. (§ 2966, subd. (c).) This rule applies irrespective of whether the first commitment resulted from the inmate's acceptance of the BPT's determination or from a hearing conducted in the trial court.

The judgment (order of dismissal) is affirmed.

Gilbert, P. J., and Yegan, J., concurred.

A petition for a rehearing was denied March 19, 2007, and the opinion was modified to read as printed above.