Filed 12/19/13  P. v. Heine CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057580 |
| v. | (Super.Ct.No. FELSS1102566) |
| LAWRENCE HEINE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed.

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Melissa Mandel and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Lawrence Heine was declared a Mentally Disordered Offender (MDO) in January 2009 pursuant to Penal Code section 2962. [1] Defendant immediately filed a petition under section 2966, subdivision (b) contesting his status as an MDO but later withdrew the petition. He was recommitted as an MDO in 2010 and 2011. On June 7, 2011, defendant filed another petition under section 2966, subdivision (b) challenging his initial commitment as an MDO. Defendant's petition was dismissed as moot.

Defendant claims on appeal that he was denied his right to a full contest of his status as an MDO due to the failure of the trial court to inform him of the consequences if he withdrew his petition in 2009. The People respond that his petition was properly dismissed as moot because it was (1) filed well after the one-year period of initial commitment had expired and after he had been recommitted; and (2) he was no longer subject to civil commitment as an MDO under section 2966 because his parole period had expired. We find the trial court properly dismissed defendant's section 2966, subdivision (b) petition as moot.

I

PROCEDURAL AND FACTUAL BACKGROUND

Defendant was convicted of committing terrorist threats (§ 422) on September 5, 2007. On February 8, 2008, he was sentenced to two years. Defendant was admitted to Atascadero State Hospital (ASH) in San Luis Obispo County. On January 6, 2009, he was found by the Board of Parole Hearings (BPH) to meet the criteria of section 2962 as

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

an MDO. On February 11, 2009, defendant filed a section 2966, subdivision (b) petition contesting the MDO finding. On July 10, 2009, defendant withdrew his petition without prejudice.

On January 28, 2010, an annual hearing regarding his recommitment as an MDO was held. He was recommitted. On January 12, 2011, he was transferred to Patton State Hospital in San Bernardino County. On June 2, 2011, another annual hearing was held. He was recommitted as an MDO. Defendant filed a second petition pursuant to section 2966, subdivision (b) on June 17, 2011, and he was appointed counsel.

On March 5, 2012, the People (the San Bernardino County District Attorney's office) filed a motion to dismiss defendant's section 2966, subdivision (b) petition as moot. In the motion to dismiss, they provided that defendant was certified by the BPH as an MDO on January 6, 2009, and was recertified on January 28, 2010, and on June 2, 2011. On July 1, 2011, the Los Angeles District Attorney's office filed a section 2970 petition against defendant because he had been convicted in that County and his discharge date off of parole was pending, i.e., it was October 21, 2011. Court proceedings were being held simultaneously with the proceedings in San Bernardino County.

The People argued that defendant's section 2966, subdivision (b) petition should be dismissed as moot because his discharge off of parole date was October 21, 2011, which had long since passed.

Defendant filed opposition to the motion. According to defendant, he had previously filed a section 2966, subdivision (b) petition in San Luis Obispo Superior

3

Court because he was housed in ASH in that County. On July 10, 2009, he was allowed to withdraw his petition without prejudice because he was being transferred to Patton. Defendant contended that he was not informed at the time he withdrew his petition on July 10, 2009, that a subsequent petition challenging his original commitment could become moot.

On August 6, 2012, the matter was called for hearing. Defendant testified. He was still being housed as an MDO at Patton. Defendant claimed that when he went to the hearing on his first section 2966, subdivision (b) petition, the trial court informed him that he was being moved to Patton. On July 10, 2009, he decided he wanted to move to Patton and contest his commitment there, so he withdrew his petition. He was told it was dismissed without prejudice. He claimed the trial court advised him that he could have his contested section 2962 hearing once he moved. No one advised him that he had a certain time in which to file the petition once he moved.

Defendant admitted he had recommitment hearings in 2010 and 2011, and that he had a section 2970 proceeding pending in Los Angeles County. The People argued both that the section 2966, subdivision (b) petition was moot upon the date of the recommitment, and also because he was discharged off of parole on October 21, 2011. The matter was continued.

Another hearing was conducted on November 16, 2012. Defendant argued at all times he wanted to challenge his original commitment and was never advised that such time period for challenging the commitment would expire. Further, the issue was not moot because he was discharged off of parole. The section 2970 petition filed in Los

4

Angeles County was based on him originally being found to be an MDO and he could continue to contest his original commitment. The People responded that the time to challenge the initial commitment had passed. Further, each time he came up for recommitment, he did not challenge the determination and was represented by counsel. Defendant claimed that he was waiting until he was moved to Patton to file the section 2966, subdivision (b) petition.

The People's motion to dismiss on the ground that it was moot was granted without explanation of its ruling by the trial court.

II

ANALYSIS

Defendant essentially admits that at the time he filed his second section 2966, subdivision (b) petition, his original commitment as an MDO had expired. He argues, nonetheless, that he was "encouraged to withdraw" his timely filed petition in 2009 and was never advised of the possible consequences of that decision. He should be afforded the opportunity to contest the original MDO finding.

"The [MDO] Act . . . requires that offenders who have been convicted of violent crimes related to their mental disorders, and who continue to pose a danger to society, receive mental health treatment . . . until their mental disorder can be kept in remission. [Citations.]" (*Lopez v. Superior Court* (2010) 50 Cal.4th 1055, 1061 (*Lopez*), disapproved of on other grounds in *People v. Harrison* (2013) 57 Cal.4th 1211 (*Harrison*).) "The MDO Act provides for treatment of certified MDO's at three stages of commitment: as a condition of parole, in conjunction with the extension of parole, and

5

following release from parole.  Section 2962 governs the first of the three commitment phases, setting forth the six criteria necessary to establish MDO status."  (*People v. Lopez, supra,* at pp. 1061-1062.)

"[T]he term 'criteria' [of section 2962] refers to the substantive criteria used by mental health professionals to certify a prisoner as an MDO to the [BPH], namely, whether the prisoner has a severe mental disorder, whether the disorder is not in remission or cannot be kept in remission without treatment, whether the disorder was a cause of or an aggravating factor in the commission of a crime listed in the statute for which the prisoner is incarcerated, whether the prisoner has been in treatment for the disorder for at least 90 days within the year prior to release on parole, and whether by reason of the disorder the prisoner represents a substantial danger of physical harm to others.  [Citation.]"  (*Harrison, supra,* 57 Cal.4th at pp. 1229-1230.)

"Section 2966, subdivision (c) governs the second commitment phase."  (*Lopez, supra,* 50 Cal.4th at p. 1062.)  "[T]he first three criteria outlined in section 2962 are capable of change over time, and must be established at each annual review of the commitment.  [Citation.]  These criteria require proof that an offender suffers from a severe mental disorder, that the illness is not or cannot be kept in remission, and that the offender poses a risk of danger to others.  [Citation.]  The latter three criteria outlined in section 2962 — that the offender's severe mental disorder was a cause or aggravating factor in the commission of the underlying crime, that the offender was treated for at least 90 days preceding his or her release, and that the underlying crime was a violent crime as enumerated in section 2962, subdivision (e) — are considered 'static' or 'foundational'

6

factors in that they "concern past events that once established, are incapable of change. [Citations.]" (*Ibid.*)

"Sections 2970 and 2972 govern the third and final commitment phase, once parole is terminated. If continued treatment is sought, the district attorney must file a petition in the superior court alleging that the individual suffers from a severe mental disorder that is not in remission, and that he or she poses a substantial risk of harm. [Citation.] Commitment as an MDO is not indefinite; instead, '[a]n MDO is committed for . . . one-year period[s] and thereafter has the right to be released unless the People prove beyond a reasonable doubt that he or she should be recommitted for another year.' [Citation.]" (*Lopez, supra,* 50 Cal.4th at p. 1063.)

In *People v. Merfield* (2007) 147 Cal.App.4th 1071 (*Merfield*), the appellate court approved of a dismissal of a petition challenging an initial MDO commitment that was filed after the one-year period for that commitment had expired. In concluding that the petition was properly dismissed as moot, the court reasoned: "While we review the merits of appeals from *timely filed petitions* that are rendered technically moot during the pending of the appeal, we do so because the appellant is subject to recertification as an MDO, and the issues are otherwise likely to evade review due to the time constraints of MDO commitments. [Citations.] For the same reasons, trial courts consider the merits of timely filed petitions that are subsequently rendered technically moot as the result of the delays inherent in the judicial process, which are beyond the petitioner's control. Where, as here, the *petitioner* causes the delay by waiting until after the commitment order has expired to seek relief, the petition is untimely and is subject to dismissal on the ground of

7

mootness." (*Id*. at p. 1075.) As such, the court concluded that in failing to timely challenge his initial commitment the petitioner had lost the opportunity to challenge the BPH's findings on the three criteria that need not be proven at subsequent annual review hearings. (*Id.* at pp. 1075-1076.)

In *Lopez*, the California Supreme Court found, after reviewing the legislative history and the language of sections 2962, 2966 and 2970, that "the Legislature intended an MDO to be permitted to challenge the static factors justifying his or her commitment only during the initial one-year period of treatment; once that period ends, the statutory language contemplates a challenge based only upon the dynamic factors justifying continued treatment." (*Lopez, supra.* 50 Cal.4th at p. 1065.)

Defendant was originally committed as an MDO under section 2962 on January 6, 2009. He immediately filed his first section 2966, subdivision (b) petition on February 11, 2009, but withdrew the petition on July 10, 1999. On January 28, 2010, defendant was recommitted at an annual hearing. On January 12, 2011, defendant was transferred to Patton. On January 27, 2011, defendant filed an acknowledgment that an annual hearing was being scheduled and that he had a right to a jury trial. The matter was postponed so defendant could retain private counsel and he could meet with counsel. The annual review hearing was held on June 2, 2011. Defendant was present with counsel. He was recommitted. It was not until after this hearing that defendant filed his second section 2966, subdivision (b) petition.

Based on the holdings in *Lopez* and *Merfield*, by failing to timely file a petition under sectiion 2966, subdivision (b), within the initial one-year period of commitment,

and because the original commitment period had expired, his petition filed two years after the commitment period ended is moot.

Defendant attempts to distinguish *Merfield* by claiming he was never advised that at the time he dismissed his original petition in 2009 that, at some point, the petition would become moot. In *Merfield*, the appellate court noted that the defendant had been advised by the trial court that his petition could become moot. (*People v. Merfield, supra,* 147 Cal.App.4th at 1074.) However, the *Merfield* court noted this was significant only in finding that defendant had waived his right to file a petition by failing to file one during the initial one-year commitment period. (*Id.* at p. 1076.) Although the trial court additionally found waiver, it had already decided that the petition was moot. The fact that the trial court, at the time of the first dismissal of the petition, advised the defendant in *Merfield* that the petition may not be able to be refiled had no bearing on the finding that the petition filed after the one-year period of commitment was moot. As noted by the appellate court, "[a]n inmate whom the [BPH] determines to be an MDO has a right to a court hearing on the six criteria only following the initial commitment determination. Once the time has passed for that first determination and proceedings have been instituted to extend the commitment, the inmate may only challenge the [BPH]'s determination of his or her current mental status. [Citation.]" (*Id.* at p. 1077.)

Defendant's claim that he is entitled to file his section 2966, subdivision (b) petition because he was never advised that the petition could be found moot in the future is stated with no authority, and we find no authority for such a proposition. There is nothing in the statue or case law that requires a trial court to advise a defendant on the

9

time limits in section 2966, subdivision (b). Defendant was not misadvised as to time limits, and there was no obligation on the trial court's part to advise him of the deadline.

Additionally, defendant claims that he delayed filing the section 2966, subdivision (b) petition until he was transferred to Patton. Defendant was transferred to Patton on January 12, 2011. After that time, he was recommitted without objection on June 2, 2011. It was not until June 17, 2011 that he filed his section 2966, subdivision (b) petition. We find defendant's claim that he was waiting to be transferred to file his petition disingenuous. This is especially evident because he failed to contest the recommitment finding on June 2, 2011.

Since we find that defendant's section 2966, subdivision (b) petition was moot because the original commitment period had expired when it was filed, we need not consider the People's additional contention that it was moot because he was discharged off of parole on October 21, 2011, during the pendency of the petition. The People, without citation to authority, claim that once the parole discharge period had expired, it was effectively replaced by the section 2970 petition, and defendant was no longer considered an MDO under section 2966. Accordingly, any petition filed pursuant to section 2966 was moot. (But see *People v. Crivello* (2011) 200 Cal.App.4th 612, 617 ["Section 2970 does not exist in a statutory vacuum. It is part of a progressive scheme in which at the initial proceedings there are six factors to establish, three of which are static and three of which are dynamic. [Citation.]."]. As stated, we need not resolve the issue as we have found the petition was moot pursuant to the findings in *Merfield* and *Lopez*.

We affirm the trial court's order dismissing defendant's section 2966, subdivision (b) petition as moot.

## III

## DISPOSITION

The order of the trial court dismissing defendant's section 2966, subdivision (b) petition as moot is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____

J.

We concur:

McKINSTER _____

Acting P. J.

MILLER _____

J.