Filed 2/10/15  P. v. Garcia CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040281 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. 153966, 154018) |
| v. | |
| MANUEL GARCIA, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

After a court trial, defendant Manuel Garcia[1] was found to be a mentally disordered offender (MDO) and was ordered committed for continued involuntary treatment for one year, until November 25, 2014.  (See Pen. Code, §§ 2970, 2972.)[2]  On appeal, defendant contests the sufficiency of the evidence to support the finding that he is an MDO.  He contends that the commitment order should be reversed and that he should be released.

While the appeal was pending, defendant's term of commitment expired and he was apparently released.  In response to our request for supplemental briefing, the parties agree that the appeal is now moot.  As we will explain, we will dismiss the appeal.

---

[1] The record on appeal contains documents that also refer to defendant as "Manuel Ronald Garcia" and "Manuel Ruano Garcia."

[2] All further statutory references are to the Penal Code unless otherwise indicated.

## II. BACKGROUND

In April 2013, the district attorney filed a petition to extend defendant's involuntary treatment as an MDO for one year. According to the petition, defendant had been convicted of violating sections 245, subdivision (a)(1), and 288, subdivision (a). In 1992, defendant was sentenced to a total of four years in prison. In November 1993, he was admitted to a state hospital as an MDO. Defendant was later discharged to a conditional release program but was recommitted to a state hospital a short time later, following a violation of both parole and the conditions of the conditional release program. Defendant's commitment for involuntary treatment was periodically extended by the court.

In the April 2013 petition, the district attorney alleged that defendant suffered from a severe mental disorder, that the disorder was not in remission and could not be kept in remission without continued treatment, and that by reason of his disorder defendant represented a substantial danger of physical harm to others. The district attorney sought to continue defendant's involuntary treatment for one year, until November 25, 2014.

On October 15, 2013, a court trial was held on the petition. Defendant and Dr. Simarjit Singh Gill, a psychiatrist at Coalinga State Hospital, were the only witnesses to testify at trial. Defendant was admitted to Coalinga State Hospital in April 2013 and had been a patient of Dr. Gill since April 2013. Prior to that time, defendant was at Napa State Hospital for approximately 13 years. Dr. Gill was familiar with defendant's history based on defendant's records from the state hospitals and from a conditional release program. Dr. Gill also testified as an expert in rendering psychological diagnoses and making risk assessments.

Dr. Gill testified that defendant's diagnoses included schizophrenia, paranoid type; pedophilia, sexually attracted to females nonexclusive type; and polysubstance dependence. Defendant's schizophrenia required control by medication and psychosocial

2

therapy. Regarding defendant's pedophilia and polysubstance dependence disorders, Dr. Gill testified that they were not in remission. Dr. Gill believed that defendant needed to continue sex offender treatment and substance abuse treatment, and that further treatment was needed to teach defendant how to manage his behaviors. Dr. Gill believed that defendant's mental disorders could not be kept in remission without treatment, and that, if untreated, defendant would be dangerous. For example, Dr. Gill "would . . . worry about [defendant] being around children."

One of defendant's underlying offenses occurred in 1991 when he put his hands and mouth on the genitalia of his five-year-old niece. In another offense, defendant used a stick to break the windows of several cars and to assault a person who was in a vehicle.

Defendant testified that his schizophrenia and hallucinations played a part in both offenses. He agreed that he needed to continue working on sex offender treatment, and that he needed to work on some of his urges.

The trial court found the allegations of the petition true and ordered defendant's term of commitment extended for one year, until November 25, 2014.

## III.    DISCUSSION

Defendant contends that there is not substantial evidence to support his recommitment as an MDO, and that therefore the order extending his term of commitment should be reversed and he should be released. The Attorney General contends that substantial evidence supports the trial court's findings and that the order extending defendant's term of commitment should be affirmed. We will begin with a brief overview of the MDO Act before considering whether defendant's appeal is moot, which is an issue we find dispositive.

### A.    *The MDO Act and Commitment Extensions*

"The Mentally Disordered Offender Act (MDO Act), enacted in 1985, requires that offenders who have been convicted of violent crimes related to their mental disorders, and who continue to pose a danger to society, receive mental health treatment

3

during and after the termination of their parole until their mental disorder can be kept in remission. (Pen. Code, § 2960 et seq.)" (*In re Qawi* (2004) 32 Cal.4th 1, 9.) "Commitment as an MDO is not indefinite; instead, '[a]n MDO is committed for . . . one-year period[s] and thereafter has the right to be released unless the People prove beyond a reasonable doubt that he or she should be recommitted for another year.' [Citation.]" (*Lopez v. Superior Court* (2010) 50 Cal.4th 1055, 1063, disapproved on another ground in *People v. Harrison* (2013) 57 Cal.4th 1211, 1230, fn. 2.) For continued treatment as an MDO, the issues relate only to "the defendant's current condition." (*People v. Cobb* (2010) 48 Cal.4th 243, 252.) Specifically, "[a] recommitment 'requires proof beyond a reasonable doubt that (1) the patient has a severe mental disorder; (2) the disorder "is not in remission or cannot be kept in remission without treatment"; and (3) by reason of that disorder, the patient represents a substantial danger of physical harm to others.' [Citations.]" (*People v. Nelson* (2012) 209 Cal.App.4th 698, 706.)

**B.** *Mootness*

Defendant has appealed from the order extending his term of commitment as an MDO until November 25, 2014. This term of commitment expired while defendant's appeal was pending. We requested supplemental briefing regarding whether defendant's term of commitment was extended beyond November 25, 2014, and whether his appeal from the order should be dismissed as moot.

In response to our request for supplemental briefing, the parties agree that the term of commitment expired, and that the district attorney did not seek to continue defendant's involuntary treatment as an MDO. It appears that defendant was released at the expiration of the term of commitment at issue, and that he is no longer considered an MDO. Under these circumstances, defendant and the Attorney General agree that the appeal is moot.

"[A]s a general matter, an issue is moot if 'any ruling by [the] court can have no practical impact or provide the parties effectual relief.' [Citation.]" (*People v. J.S.*

4

(2014) 229 Cal.App.4th 163, 170.) An appeal from a commitment order following an MDO extension hearing is moot once the commitment period has expired. (See *id.* at pp. 172, 174; *People v. Merfield* (2007) 147 Cal.App.4th 1071, 1074 (*Merfield*).) The merits of such an appeal is reviewed, nevertheless, as long as the defendant is subject to recommitment. (*Merfield*, *supra*, at p. 1075.) In this case, defendant is not subject to recommitment and the appeal is moot.

Although the appeal is moot, when one or more issues presented are "likely to recur while evading appellate review" and involve a "matter of public interest," an appellate court has discretion to address the issues for the guidance of future proceedings before dismissing the case as moot. (*People v. Cheek* (2001) 25 Cal.4th 894, 897-898, 903 [deciding issues raised by an expired commitment order under the Sexually Violent Predator's Act, Welf. & Inst. Code, § 6600 et seq., before affirming the Court of Appeal's judgment dismissing the appeal as moot]; see also *People v. Fernandez* (1999) 70 Cal.App.4th 117, 134-135 [MDO]; *People v. Williams* (1999) 77 Cal.App.4th 436, 441, fn. 2 [MDO]; *People v. Rish* (2008) 163 Cal.App.4th 1370, 1380-1381 [MDO]; *People v. Gregerson* (2011) 202 Cal.App.4th 306, 321.)

We note that defendant has not requested that we address the substantial evidence issue he has raised on appeal even though it is moot. Moreover, the substantial evidence issue he has raised is particular to this case, is not likely to recur while evading appellate review, and does not involve matters of public interest. Defendant's contentions invoke no appellate relief other than reversal of the commitment order, and we cannot undo the commitment. Accordingly, we will dismiss the appeal as moot without reaching the merits of defendant's appeal.

## IV.    DISPOSITION

The appeal is dismissed as moot.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MIHARA, J.

_____
MÁRQUEZ, J.